Please call the next case. 15-1683 v. Exelpol Management & Consulting, Inc. Good morning, counsel. When your case is called, please approach the podium, tell us your name and whom you represent. Keep your voices up. This is a recording device. It won't amplify your voice. Get to your strongest arguments first. We have read your materials carefully. Fifteen minutes will be allotted to each side. I would advise the appellant to reserve a few minutes in rebuttal. We're not strict clock watchers, but if you're going on too long, we will ask you to wrap up. Whenever you're ready, counsel. Good morning, Justices. May it please the Court, Counsel. I'm Reiner Smith on behalf of the defendants, appellants, attorneys Robert Phillip Ward and attorney Anthony Mantegna. This matter is before the Court on Appellant's Appeal Pursuant to Illinois Supreme Court Rule 307, Interlocutory Appeals as a Right, appealing the Circuit Court's order of June 4, 2015, dismissing our counterclaims to the Supreme Court. This order is a counterclaim for declaratory judgment and injunctive relief with prejudice. In Plaintiff Appellee's response brief, the appellee claims that this Court has no jurisdiction over Appellant's 307 appeal, because the order being appealed was not accompanied by a finding that there is, quote, no just reason for delaying an appeal, period, close quote. However, the appellee has confused the requirements of Illinois Supreme Court Rule 304 with the requirements of Supreme Court Rule 307. Moreover, the appellee filed a motion to dismiss the appellant's appeal, claiming lack of jurisdiction. The appellant's filed a response, and this Court subsequently granted in part and denied the appellee's motion. Specifically, the Court denied, and I quote, appellee's motion to dismiss is denied in part, as to defendant's appeal of the dismissal of their counterclaim for injunctive relief, quote, close quote, which is why we are here today. In their response brief, the appellee made no mention of the counterclaim. Instead, the appellee continued to dwell solely on the subject matter jurisdictional arguments, which had already been adjudicated by this Honorable Court. In the appellant's reply brief, however, the appellant's did further respond to the appellee's subject matter jurisdictional arguments. So the Court, having previously ruled in defendant's appellant's favor as to the jurisdictional argument, the appellee's reply brief is a second attempt at a second bite of the same apple. By way of analogy, in the story, The Emperor's New Clothes, the emperor could see he had no clothes, but he chose to ignore the truth. In the instant case, the Mortgage Rescue Fraud Act explicitly exonerated the appellant. The plaintiff's claim is that the appellant exempts licensed Illinois attorneys engaged in the practice of law, and the Illinois Supreme Court has exempted licensed Illinois attorneys from the Consumer Fraud Act. But the plaintiff here has, like the emperor, elected to ignore the obvious, the clear and obvious truth. And so the plaintiff's claim is that the appellant exempts licensed Illinois attorneys engaged in the practice of law, and the Illinois Supreme Court has  And so the plaintiff's claim is that the appellant exempts licensed Illinois attorneys engaged in the practice of law, and the Illinois Supreme Court has And so the plaintiff's claim is that the appellant exempts licensed Illinois attorneys engaged in the practice of law, and the Illinois Supreme Court has never cited to any case law for its proposition. And the statute clearly doesn't say that. Interestingly, the plaintiff has never denied that my clients, attorneys Robert Phillip Ward and Anthony McTinna, are authorized to practice law and are engaged in the practice of law. But within the context, I think we all know what they're talking about, and I don't know, obviously that's a dispute, but within the context of the facts of this case, their argument is that there was, what your clients were doing wasn't practicing law. They were doing something else. And it was whatever the allegations of the, I won't call it a scam, but it was insinuated that way, that they were all in part and parcel of that, and it wasn't the practice of law in the context as it is commonplace. And I think that's very, very, very, very, very commonly understood. Isn't that what they were arguing? Well, that may very well be their argument, but that is, in fact, not the reality of the situation. My clients were and are and continue to be in the practice of law. Within the, can an attorney be in the practice of law, but for purposes of his or her interaction with a particular set of customers in a particular situation not be practicing law in that context? I think that's what they were saying here. I don't think they denied that your clients are attorneys. No, I didn't see anything like that in the record. What they were saying is they may be attorneys, but they weren't, but that's not what they were doing in the context of these facts. Well, first of all, you have to look at the statute. And the statute clearly exempts the person who is in the practice of law from being in the practice of law. It exempts attorneys that are engaged in the practice of law from its requirements. But all aspects, all aspects. All aspects of law, or just certain ones? Well, we're talking about the Mornings Rescue Fraud Act, and the main objection, the main problem that the plaintiff seems to have is the collection of upfront fees, which if the statute does not apply to attorneys that are engaged in the practice of law, then they're not prohibited from collecting upfront fees. And that's one of the reasons that the Mars Rule was enacted. And by the way, the Mars Rule was enacted subsequent to the happening, or to my client's representation of these three particular loan modification clients. Now, the Mars Rule itself does not prohibit, for example, upfront fees, or attorneys collecting upfront fees. So if the subsequent rule, Mars Rule itself, does not prohibit upfront fees, then it's not prohibited. Then how can we possibly say that the state rule, which specifically states that attorneys that are engaged in the practice of law are exempt, are prohibited? It's illogical. I didn't hear a clear answer to the question that Justice Connors asked. And you may have given an answer, but somewhere along the line I lost the thread of it. What was your answer? I'm sorry. I'm sorry. The statute, the Mortgage Rescue Fraud Act, first of all, does not prohibit attorneys from doing loan modifications, provided they are engaged in the practice of law. The statute nowhere does it require an attorney that's engaged in the practice of law to represent the particular loan modification client in a case, or to file some sort of legal action against the lender in order for the attorney to be considered to be practicing law. There were no partnerships here with non-attorneys. There was no fee splitting here. My clients were doing what attorneys normally do, which is practice law, which is represent clients, which is to collect a loan, which is to pay for the representation of the client, which is consistent with the practice of law. My clients at all times, they were subject to the rules of professional responsibility, which reminds me that in this case, after an exhaustive three-year investigation by the ARDC, the ARDC closed its case. It closed its inquiry and cleared my clients of any wrongdoing. And I should say that the ARDC cleared my clients of any wrongdoing without the imposition of any disciplinary action whatsoever. And in this regard, I believe that Craig v. Leiter is all the more relevant, for in that case, the court ruled, and I quote, accordingly, if an attorney's conduct were permissible under the rules we have enacted and the standards we have set, it would not be actionable under the Consumer Fraud Act. My clients have violated no rules of professional responsibility. Their conduct is not actionable under the Illinois law. They are clearly exempt from the statutes. Can I ask you, I'm looking at your answer for offenses and counterclaims. The request for an injunctive relief is not in the heading, but we understand the heading doesn't determine what the pleading's request will be. We understand that. But on the last page, second to the last page of the last page, this is where you come in and ask for your request for injunctive relief. And you don't say if it's a TRO or plenary or permanent injunction or whatever. And also, you say defense would be irreparably harmed and there's no adequate remedial law. Is there any further explanation of those items that seem rather conclusory? Well, yes, thank you. Thank you, Your Honor, for the question. The declaratory, we filed our counterclaim in two counts, the declaratory judgment and the injunctive relief. And the two go hand in hand. It's purely statutory. Although I may have included the language irreparable harm in there, I was thinking purely statutory, which means the declaratory judgment itself is per se injunctive in nature. And particularly in the situation where there is a statute, namely the Mortgage Rescue Fraud Act, which has yet to be interpreted by a reviewing court. And so the declaratory judgment aspect is the underlying substantive basis for the injunctive relief. So in essence, when you combine them, the two go hand in hand for that reason alone, because the declaratory judgment issues a relief portion of it is how the court enforces that ruling. And so that's what I was thinking of when I wrote that. But in essence, it wasn't even necessary to state irreparable harm because it's not a common law type of injunction. It's purely statutory. Thank you. Counsel, would you begin wrapping up? Yes, Your Honor. So the bottom line is, Your Honors, my clients have not violated any of the rules of professional conduct. If they had, certainly the ARDC, after its three-year exhaustive investigation, would have taken action. But the ARDC has cleared my clients. And Cripe v. Slider is very clear. But is that what this case is about, whether they violated ARDC rules or not? That's not what the case is about, is it? No, but certainly the ARDC has the authority, which it did in here, to look into the elements. Let me see if I understand you. Your Honor, you're pointing to the fact that the ARDC found no wrongdoing to suggest that they were at all times practicing law the way they were supposed to. Is that basically what you're saying? Because I'm not sure what the ARDC, why the ARDC's finding is the focal point of your argument. Well, with respect to whether or not how the trial court ruled was consistent with the statute. You know, so tell me how the two things really connect. I'm missing that nexus. Yes, Your Honor. The ARDC did open an investigation into the matter. Subsequent to the filing of the plaintiff's complaint alleging the sundry fraud allegations, the ARDC did open an investigation into the matter. And certainly the ARDC has the authority to look into fraud allegations. And that's exactly what they did here. And so if the ARDC has extensively and exhaustively looked into the fraud allegations of the plaintiff and has nonetheless cleared my clients and closed the inquiry without the imposition of disciplinary actions, then that states that my clients have not violated any rules. And certainly they're not subject to the Mortgage Rescue Fraud Act or the Consumer Fraud Act because the Illinois Supreme Court has already said so in Cripe v. Leiter. Thank you. Any questions? Thank you. Thank you, counsel. Thank you, Your Honor. Thank you. Counsel. May it please the Court. My name is Frank Bieschot, and I represent the appellee. How do you pronounce your last name? Bieschot, or Biesat's fine, too. I represent the people of the state of Illinois. This Court should dismiss this appeal because the order dismissing, with prejudice, the appellant's counterclaim for a permanent injunction is not an interlocutory order that can be appealed under Rule 307A1. So even though the Circuit Court was correct in dismissing the appellant's counterclaims, this Court does not need to even reach that issue because there is no jurisdiction under Rule 307A1 to review that decision. Rule 307A1 provides that an appeal may be taken from an interlocutory order refusing an injunction. Therefore, Rule 307A1 does not allow for an appeal from any order that has the effect of refusing a request for an injunction, but only an interlocutory order. And when deciding whether or not an order is interlocutory, you look to whether or not the underlying injunction request was for a temporary injunction or for a permanent injunction. And a temporary injunction is generally a preliminary injunction or a temporary restraining order, something which maintains the status quo pending the outcome of the ongoing litigation that does not resolve the party's rights on the underlying claims. Here, the appellants sought a permanent injunction because if the injunction had been granted, first of all, it would entirely dispose of the litigation because the people would be enjoined from continuing to pursue the claim. And its effect would extend beyond the outcome of the litigation because the injunction that they're asking for would bar the attorney general from ever bringing a claim, not only against them, but if the injunction request is read literally on all attorneys in Illinois even. And because the request for an injunction was for a permanent injunction rather than just a preliminary injunction pending the outcome of the litigation, the order dismissing that counterclaim with prejudice necessarily was a final order as to that claim. Once a claim is dismissed with prejudice, there's nothing else to do with that claim. That ends the litigation. And so therefore, the order dismissing that claim was not an interlocutory order under Rule 307, but was a final order that did not dispose of the entire proceeding. So therefore, it would not be a final and appealable order under Rule 301 and could only be appealed at this time if under Rule 304. This order could be appealed under Rule 304 only if the circuit court made an express written finding that there's no just reason for delaying enforcement or appeal or both. And in this case, the court did not include any such language in the order. Didn't the court say with prejudice? Yes. What's the interpretation we give to the with prejudice? Just that it's with prejudice, so there's no need to amend the counterclaim to add new allegations. And while the courts have held that the language that a court must use doesn't have to be the exact words in Rule 304A, it must at least in substance talk about no reason for delaying enforcement or an appeal or something along those lines. And here, there's no language to that effect. And so that's the relevance of Rule 304. If there was jurisdiction under Rule 3071, if this was an interlocutory order, then there would be no need to go to Rule 304. But Rule 304 is relevant here because it is not an interlocutory order. And therefore, the only avenue for appealing it at this time would have been Rule 304A. And it's also important to note that just because this dismissal can't be appealed at this time doesn't mean that it can never be reviewed. At the end of the entire case, you can bring an appeal to 301 like the majority of appeals are brought under. And then any statutory arguments that the appellants want to make regarding how these two statutes should be interpreted with regard to attorneys can be made at that time. Counsel, was this complaint for cross-claim verified? I don't remember if it said it was verified or not. I don't have that right in front of me. So for all those reasons, this court does not have jurisdiction under Rule 3071 or Rule 304A. But even if this court did have jurisdiction, it should affirm the circuit court's dismissal of the counterclaims. Because an injunction is a remedy. It's not a cause of action in and of itself. And so in order to seek a remedy, it needs to be connected to some sort of an underlying cause of action. In these counterclaims, there is no underlying substantive cause of action. The entire basis is the statutory interpretation argument, which was already presented and rejected in the motion to dismiss the amended complaint. And to the extent that any confusion has arisen as to whether or not this order was an interlocutory order or a permanent order, it probably arises from the underlying counterclaim being a standalone claim for a permanent injunction. Because a claim for a permanent injunction must be connected to some other substantive basis. And so a standalone claim would always be dismissed for failure to state a cause of action. And the only time that you really directly ask for an injunction on its own would be a preliminary injunction or a temporary restraining order. So in that effect, it did look like a request for a temporary injunction in that way. But then when you look at the relief they're requesting, it becomes apparent that they're not asking for temporary relief pending the outcome of litigation, but rather for an injunction that would end litigation, and therefore a permanent injunction. So unless Your Honors have any further questions. No. Thank you, counsel. Thank you. Ruth Smith, rebuttal. Yes, Your Honor, just to follow up on the question that was asked. I have a question for you. What about your opponent's argument that if the relief that you were seeking was granted by the court, it really would be a permanent injunction because it would apply to all lawyers across Illinois, henceforth, hereafter, forevermore. What about that? Well, that would be fine, but there would still be the question of the proper interpretation of the Mortgage Rescue Fraud Act. And that has not yet been interpreted by a higher court. And, of course, if that had been the case, the plaintiff then would have had the opportunity to file their own appeal. Well, what about that narrow question about this is really a permanent injunction because the relief that you're seeking would have the effect of application to all attorneys in Illinois, henceforth. And that would be the rule that they would now live by. And that is a permanent, by its very nature, a permanent injunction. What's your response to your opponent's argument on that point? Yes, Your Honor. The circuit court's order refusing the injunction that is dismissing the counterclaim for declaratory judgment and injunctive relief, we believe counterclaim for declaratory judgment constitutes an appealable injunctive order under Rule 307. Why? Because the order merely preserved the status quo, concluded no rights, and is of limited duration, at least during the pendency of the litigation. And contrary to the plaintiff's position that you have to look at the request for the release of the claimant, the plaintiff's request for the release of the claimant is not relatively clear. And the court's ruling that the litigant is asking for, the law is very clear under Santella, you have to look, you have to focus at the order. What does the order say? That's the ruling in Santella. To determine whether the order appealed by defendants is subject to review under Rule 307A.1, the appellate court looks to the circuit court's order and whether the actions of the circuit court constituted injunctive relief for purposes of the rule. There was no injunctive relief here whatsoever. And so within the meaning of Santella, within the ruling in Santella, the circuit court's order is interlocutory. Thank you, Justices.